# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **VERONICA RIVERA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 1507 |
| | ) | |
| **BENJAMIN M. MESKIN, ESQ.**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Although this action was filed on February 18, 2015, counsel for plaintiff Veronica

Rivera ("Rivera") ignored the explicit directive of this District Court's LR 5.2(f) that requires the

delivery of a paper copy of the complaint for the assigned judge's use within one business day

after filing. Despite the literal one-business-day requirement of LR 5.2(f), this Court always

allows a grace period -- typically at least a week[1] -- before it issues a memorandum order that

mandates compliance with the LR and imposes a $100 sanction for the earlier noncompliance.

In this instance such a memorandum order was sent to Rivera's counsel on March 2, and that

order has produced an immediate response for which this Court is most appreciative.

Unfortunately, however, the opportunity for this Court to review Rivera's Complaint in

consequence of its delivery to chambers has disclosed a far more significant substantive defect in

counsel's filing. Although this action, brought under the auspices of the Fair Debt Collection

Practices Act ("Act"), clearly comes within federal subject matter jurisdiction, that cannot be said

---

[1] That grace period varies somewhat from case to case, the result of this Court's
obtaining the Clerk's Office printouts reflecting new case filings only sporadically rather than on
a regular (say weekly) basis.

of what is really a bogus choice of forum reflected in this boilerplate allegation regarding <u>venue</u>

(Complaint ¶ 3):

> Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because a
> substantial part of the events and omissions giving rise to this claim occurred in
> this District.

On that score Complaint ¶ 4 identifies Rivera as "an individual who was at all relevant

times residing in Athens, Georgia."  And as for defendant Benjamin Meskin, Esq. "("Meskin"),

Complaint ¶ 8 reads:

> On information and belief, Defendant is an individual attorney licensed to practice
> in the State of New York, who has his principal place of business in Brooklyn,
> New York.

Given those geographical locations, just what is this action doing in the Northern District

of Illinois?  All that is said in that respect is found in Complaint ¶ 9:

> On April 25, 2014, Plaintiff filed a Chapter 7 bankruptcy petition in the United
> States Bankruptcy Court, Northern District of Illinois, Case No. 14-15643.  On
> July 29, 2014, an Order of Discharge was entered in Plaintiff's bankruptcy case.

It is scarcely surprising that the Complaint does not, as is most frequently done in actions

brought under the Act, attach a copy of the assertedly Act-violative collection notice mailed by

Meskin to Rivera.  Instead here is what is said in Complaint ¶ 10:

> On or about December 30, 2014, Defendant caused a collection notice to be
> mailed to Plaintiff in an attempt to collect an alleged debt, which had been
> discharged in Plaintiff's bankruptcy case.

Dollars to doughnuts[2] that the collection notice had no relation at all to this judicial district, and

the Illinois location of Rivera's bankruptcy filing cannot reasonably be labeled as "a substantial

part of the events and omissions giving rise to this claim" (after all, the "<u>event</u> giving rise to the

---

[2] That catch phrase really dates this author, given the effect of inflation on the price of
doughnuts.

claim" was the collection notice and the "omission" was Meskin's failure to have taken

cognizance of Rivera's bankruptcy that had terminated with her discharge five months <u>before</u> the

notice was sent.

This is not of course the first time that this Court has encountered such forum shopping in

cases brought under the Act, and its consistent reaction has been the same that it has sometimes

voiced in the context of a 28 U.S.C. § 1404(a)[3] motion to transfer:

> "Convenience of <u>counsel</u>" is not among the express considerations set out in the
> statute, nor does it fit under the "interest of justice" rubric that rounds out the
> statutory considerations.

In sum, this action plainly calls for a sua sponte dismissal for lack of venue in this

judicial district, and its Court so orders. It is recognized that Section 1406(a) permits transfer as

an alternative to dismissal, but nothing about the filing of this lawsuit here appears to call for

sparing Rivera's counsel the price of a second filing fee.[4]

_____

Milton I. Shadur
Senior United States District Judge

Date:  March 3, 2015

---

[3]  All further references to Title 28's provisions will simply take the form "Section --,"
omitting the prefatory "28 U.S.C. §."

[4]  This Court can only trust that counsel will not impose that burden on his client Rivera.